UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

SERKAN USLU, *et al.*,

                Petitioners,

v.

WARDEN, EDEN DETENTION
CENTER,[1]

                Respondent.

No. 6:26-CV-00101-H

## ORDER

Desiree Thien, a third-party, non-lawyer individual, filed a petition for writ of habeas corpus on behalf of Serkan Uslu, challenging his immigration detention in the Eden Detention Center. Dkt. No. 1. She paid the filing fee. Thien explains that she is authorized to represent Uslu in his underlying immigration case pending before the U.S. Department of Justice Executive Office for Immigration Review (EOIR). Dkt. Nos. 1-1, 1-2. But the attached supporting documents show that Thien is not licensed to practice law. Dkt. No. 1-1.

Both Thien and Uslu signed the petition. Dkt. No. 1 at 7. But, as explained below, Thien lacks standing or legal authority to represent Uslu in this proceeding. However, Uslu may pursue his claims on his own behalf or with the assistance of a licensed attorney.

### 1.    Legal Authority

Detainees are not entitled to legal representation by a lay person. *Bonacci v. Kindt*, 868 F.2d 1442, 1443 (5th Cir. 1989). And non-attorney individuals may not use the next-friend

---

[1] The Clerk is directed to change the caption to reflect that the Warden of the Eden Detention Center is the only proper respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (explaining that there is generally only one proper respondent in a habeas case, and that is the person who holds the petitioner in custody). All other named respondents will be terminated from this civil action.

device as a pretense for the unauthorized practice of law. *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978).

The federal habeas statutes provide a limited avenue for next-friend standing, but it is "by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990) (discussing 28 U.S.C. § 2242). The burden is on the purported next friend to justify his or her participation in the action. *Id.* at 164. And courts consistently require evidence of "at least two firmly rooted prerequisites"—(1) an adequate explanation for why the real party in interest cannot appear on his or her own behalf, such as inaccessibility, mental incompetence, or other disability, and (2) true dedication to the best interests of the real party in interest, which may require a "significant relationship" between the purported next friend and the subject of the petition. *Id.*

Additionally, the Court notes that in narrow circumstances, "jailhouse lawyers" are permitted to help fellow prisoners file habeas petitions. *Johnson v. Avery*, 393 U.S. 483, 484 (1969); *Thomas v. Estelle*, 603 F.2d 488, 489 (5th Cir. 1979). But jailhouse lawyers are *not* actually lawyers, and they are not afforded special privileges like attorney-client privilege. *Bonacci*, 868 F.2d at 1443. Moreover, the rights of access-to-courts and assistance from a jailhouse lawyer belong solely to the person in need of legal services, not to the jailhouse lawyer. *See Tighe v. Wall*, 100 F.3d 41, 43 (5th Cir. 1996). Finally, a jailhouse lawyer cannot bring a claim on behalf of another inmate who is capable of bringing such a claim in his own name. *See Johnson*, 393 U.S. at 490.

2.    **Analysis**

Thien is not a lawyer, and she has no authority to file legal claims on behalf of other individuals in federal court. She has not demonstrated that Uslu is incapable of appearing on his own behalf. Apart from the fact that Uslu is detained, Thien does not plead any facts to

suggest or show that Uslu is incompetent or incapacitated in any way. Although the Court trusts that Thien is attempting to act in the best interests of Uslu, she has not demonstrated a significant relationship with him for purposes of next-friend status. *See, e.g., State of Texas v. Prek on behalf of Prek*, No. 4:17-CV-865-O, 2017 WL 6766187, at *1 (N.D. Tex. Oct. 30, 2017) (finding that a wife who sought to proceed as next friend on behalf of her husband did not meet her burden for next friend status when the wife did not provide any documentary evidence of her husband's alleged mental and physical disabilities); *United States v. Barrandey*, MO:11-CR-00048(2)-RAJ, 2015 WL 13387868, at *5 (W.D. Tex. May 6, 2015) (explaining that "[c]ourts in this circuit have uniformly denied next friend status to friends and family members of incarcerated persons whenever the prospective next friends have failed to produce evidence clearly demonstrating the prisoners' incompetence" and finding that "where, as here, a prospective next friend does not even allege that the prisoner in question is incompetent, the prospective next friend has clearly failed to meet his burden under *Whitmore*") (citing authorities); *Romanov on behalf of Romanova v. Frink*, No. CV H-25-3133, 2025 WL 2162290, at *3 (S.D. Tex. July 30, 2025) (finding that a son could not file a habeas petition as next friend of his mother, who was detained by immigration authorities, absent supporting evidence of her incapacity).

Additionally, Thien's status as an accredited representative before the EOIR does not authorize her to represent others in this Court. *See* N.D. Tex. Civ. R. 83.7. And she does not cite any other legal authority that would otherwise permit her participation in this case. Simply put, Thien has not demonstrated that she is entitled to file a habeas petition on behalf of Uslu, nor does she have a right to remotely access information about this proceeding.[2] But Uslu

---

[2] Thien mailed the pleading to the Clerk's office. She did not register for electronic filing, but electronic access for non-lawyer individuals is prohibited in this type of case. Thien provided a mailing address in Quincy, Massachusetts. So even if Thien could legally represent the petitioner—which she cannot—from a practical perspective, it would be difficult for her to prosecute this case.

maintains the right to pursue habeas relief on his own behalf or with the assistance of a licensed attorney.

### 3.   Conclusion and Instructions

The Clerk is directed to change the caption of this case to reflect that the only proper petitioner is Serkan Uslu, who is proceeding pro se.  Desiree Thien will be removed as a party to the case.

The Clerk is directed to mail a copy of this order to Thien.  But she will not receive any further notice of the proceedings here.  The Clerk is also directed to mail Petitioner Serkan Uslu a copy of the original petition filed here, Dkt. No. 1, with a copy of this order.

Uslu's petition remains pending, and the Court will enter a separate order requiring an answer from Respondent and setting a briefing schedule for this case.

Dated March 26, 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge